UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Emilio Jarquin,
and other similarly situated individuals

    Plaintiff (s),

v.

Back In Town, LLC,
Amos M. Billie Jr.,
and Adriana Huggins, individually

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Emilio Jarquin, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Back In Town, LLC, Amos M. Billie Jr., and Adriana Huggins, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid wages, unpaid overtime compensation, and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 USC § 1337 and by Title 29 USC §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff Emilio Jarquin is a resident of Miami-Dade County, Florida, within this Honorable Court's jurisdiction and is otherwise sui-juris. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant Back In Town, LLC (hereinafter Back In Town, or Defendant) is a Florida corporation with a place of business in Dade County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendants Amos M. Billie Jr. and Adriana Huggins were and are now the owners/partners/officers and managers of Defendant corporation Back In Town Back In Town. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint occurred in Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. Plaintiff Emilio Jarquin brings this cause of action as a collective action to recover from the Defendants regular wages, overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September 2021, (the "material time") without being adequately compensated.

7. Defendant Back In Town is a lawn care and construction company specializing in the construction of tiki huts, fences, decks, etc. etc.   Defendant Back In Town was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 USC § 203(s)(1)(B). Defendant employed more than two employees engaged in interstate commerce. Upon

information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, handling and working on goods and materials that were produced for commerce and moved across State lines at any time during business. Therefore, there is FLSA individual coverage.

9. For the reasons stated above, Defendant Back In Town must comply with the minimum wage and overtime requirements of the FLSA.

10. Defendants Back In Town, Amos M. Billie Jr., and Adriana Huggins employed Plaintiff Emilio Jarquin as a non-exempt, full-time, hourly employee from September 01, 2021, to October 07, 2023, or 109 weeks.

11. Plaintiff Emilio Jarquin had duties as a landscaper and tiki hut builder at various job sites in Dade County.

12. Plaintiff had a regular wage rate of $20.00 an hour. Plaintiff's overtime rate should be $30.00 an hour.

13. During his employment with Defendant, Plaintiff worked six days per week. From Monday to Saturday, Plaintiff worked approximately from 7:00 AM to 5:00 PM (10 hours per day), or 60 hours per week. Plaintiff has deducted 3 hours, corresponding to 3 lunchtime hours weekly (0.5 minutes x 6 days = 3 hours).

14. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours. Plaintiff was paid for all his working hours but at his regular rate.

15. In addition, while employed by Defendants, Plaintiff was not paid his wages timely on payday. Defendants always paid Plaintiff late.

16. Plaintiff worked more than 40 hours weekly, but he was not paid overtime hours, as required by law.

17. Plaintiff did not clock in and out. However, Defendants knew the number of hours that Plaintiff was working. Plaintiff worked under the supervision of the owner of the business, Amos M. Billie Jr..

18. Therefore, Defendants failed to pay Plaintiff overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

19. Plaintiff complained many times about unpaid overtime and unpaid regular wages.

20. On or about Saturday, October 07, 2023, Plaintiff complained one more time because he had not been paid for two weeks. Plaintiff complained to the business owner Amos M. Billie Jr., and requested back wages and overtime payment.

21. The same day, October 07, 2023, at night, Amos M. Billie Jr. called Plaintiff and fired him because he complained about unpaid wages and because the Company pick-up broke while Plaintiff was driving it.

22. At the time of his termination, Defendants refused to pay Plaintiff his two back wages, plus $200.00 of gas expenses.

23. There was a substantial number of hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

24. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

25. Plaintiff was paid weekly without paystubs providing accurate information about the number of days and hours worked, wage rate, employee's taxes withheld, etc.

26. At times mentioned, individual Defendants Amos M. Billie Jr. and Adriana Huggins were, and are now, the owners/partners/managers of Back In Town. Defendants Amos M. Billie Jr. and Adriana Huggins were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Back In Town's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Amos M. Billie Jr. and Adriana Huggins had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

27. Plaintiff Emilio Jarquin seeks to recover unpaid regular and overtime wages accumulated during his employment with Defendant, plus retaliatory damages, liquidated damages, and any other relief allowable by law.

Collective Action Allegations

28. Plaintiff Emilio Jarquin brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

29. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for regular wages and overtime compensation at the rate of time and one-half their regular rate.

30. The additional persons who may become Plaintiff in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**

## **FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

31. Plaintiff Emilio Jarquin re-adopts every factual allegation as stated in paragraphs 1-30 above as set out in full herein.

32. Plaintiff Emilio Jarquin brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

33. Defendants Back In Town, Amos M. Billie Jr., and Adriana Huggins employed Plaintiff Emilio Jarquin as a non-exempt, full-time, hourly employee from September 01, 2021, to October 07, 2023, or 109 weeks.

34. Plaintiff Emilio Jarquin had duties as a landscaper and tiki hut builder

35. Plaintiff had a regular wage rate of $20.00 an hour. Plaintiff's overtime rate should be $30.00 an hour.

36. During his employment with Defendant, Plaintiff worked six days per week. From Monday to Saturday, 60 hours per week. Plaintiff has deducted 3 hours, corresponding to 3 lunchtime hours weekly (0.5 minutes x 6 days = 3 hours).

37. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours. Plaintiff was paid for all his working hours but at his regular rate.

38. In addition, while employed by Defendants, Plaintiff was not paid his wages timely on

payday. Defendants always paid Plaintiff late.

39. Plaintiff worked more than 40 hours weekly but was not paid overtime hours, as required by law.

40. Plaintiff did not clock in and out. However, Defendants knew the number of hours that Plaintiff was working. Plaintiff worked under the supervision of the business owner, Amos M. Billie Jr.

41. Therefore, Defendants failed to pay Plaintiff overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

42. Plaintiff was paid weekly without paystubs providing accurate information about the number of days and hours worked, wage rate, employee's taxes withheld, etc.

43. On or about October 07, 2023, Amos M. Billie Jr. called Plaintiff and fired him because Plaintiff complained about unpaid wages.

44. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the Defendants' possession and custody. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

45. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

47. Plaintiff does not have time and payment records, but he will provide a good-faith Statement of Claim based on his recollection.

\* Plaintiff will amend his calculations after proper discovery.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Twenty-One Thousand Eight Hundred Dollars and 00/100 ($21,800.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  109 weeks
Total number of relevant weeks: 109 weeks
Total number of hours worked:  60 hours weekly
Total number of O/T hours: 20 hours weekly
Wage rate: $20.00 an hour x 1.5=$30.00 an hour
O/T rate: $30.00 an hour-$20.00 rate paid=$10.00 difference
Half-time O/T: $10.00

O/T $10.00 x 20 O/T hours= $200.00 weekly x 109 weeks=$21,800.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.[1]

48. the Employers/Defendants always failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

49. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

50. Defendants Back In Town, Amos M. Billie Jr., and Adriana Huggins willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half their

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his rights to amend the calculations.

regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendants as set forth above.

51. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Emilio Jarquin and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Emilio Jarquin and other similarly situated individuals and against Defendants Back In Town, Amos M. Billie Jr. and Adriana Huggins based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Emilio Jarquin actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Emilio Jarquin demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

52. Plaintiff Emilio Jarquin re-adopts every factual allegation stated in paragraphs 1-30 of this Complaint as if set out in full herein.

53. Plaintiff brings this action to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under 29 USC § 201 et seq., and specifically under 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day, and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

54. Defendants Back In Town, Amos M. Billie Jr., and Adriana Huggins employed Plaintiff Emilio Jarquin as a non-exempt, full-time, hourly employee from September 01, 2021, to October 07, 2023, or 109 weeks.

55. Plaintiff Emilio Jarquin had duties as a landscaper and tiki hut builder at various job sites in Dade County. Plaintiff had a regular wage rate of $20.00 an hour.

56. During his employment with Defendant, Plaintiff worked six days per 60 hours per week. Plaintiff has deducted 3 hours, corresponding to 3 lunchtime hours weekly (0.5 minutes x 6 days = 3 hours).

57. While employed by Defendants, Plaintiff was not paid his wages timely on payday. Defendants always paid Plaintiff late.

58. Plaintiff did not clock in and out. However, Defendants knew the number of hours that Plaintiff was working. Plaintiff worked under the supervision of the business owner, Amos M. Billie Jr.

59. Therefore, Defendants willfully failed to pay Plaintiff minimum wages, violating the Fair Labor Standards Act, 29 USC §206, et seq.

60. Plaintiff was paid weekly without paystubs providing accurate information about the number of days and hours worked, wage rate, employee's taxes withheld, etc.

61. Plaintiff complained many times about unpaid overtime and unpaid regular wages.

62. On or about October 07, 2023, Plaintiff was fired because he complained about unpaid wages. One more time because he had not been paid for two weeks.

63. At the time of his termination, Defendants refused to pay Plaintiff his two back wages, plus $200.00 of gas expenses.

64. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

65. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.

66. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good-faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Eight Hundred Eighty Dollars and 00/100 ($880.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 1099 weeks
Total number of unpaid weeks: 2 weeks
Total number of unpaid hours: 40 regular hours weekly
Regular rate: $20.00
Fl Minimum wage 2023: $11.00

$11.00 x 40 hours=$440.00 weekly x 2 week= $880.00

c. <u>Nature of wages</u>:

This amount represents regular unpaid wages in Florida minimum wage rate[2]

67. Defendants Back In Town, Amos M. Billie Jr., and Adriana Huggins unlawfully failed to pay minimum wages to Plaintiff.

68. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff these minimum wages.

69. Defendants Back In Town, Amos M. Billie Jr. and Adriana Huggins, willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his rights to amend the calculations.

70. Plaintiff has retained the law offices of the undersigned Attorney to represent him individually and on behalf of the asserted class and incurred Attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable Attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff Emilio Jarquin respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Back In Town, Amos M. Billie Jr., and Adriana Huggins based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Emilio Jarquin and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

71. Plaintiff Emilio Jarquin re-adopts every factual allegation stated in paragraphs 1-30 of this Complaint as if set out in full herein.

72. Defendant Back In Town was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 USC § 203(s)(1)(B).

73. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

74. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

75. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

76. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

77. Defendants Back In Town, Amos M. Billie Jr., and Adriana Huggins employed Plaintiff Emilio Jarquin as a non-exempt, full-time, hourly employee from September 01, 2021, to October 07, 2023, or 109 weeks.

78. Plaintiff Emilio Jarquin had duties as a landscaper and tiki hut builder at various job sites in Dade County.

79. Plaintiff had a regular wage rate of $20.00 an hour. Plaintiff's overtime rate should be $30.00 an hour.

80. During his employment with Defendant, Plaintiff worked six days per week, 60 hours per week. Plaintiff has deducted 3 hours, corresponding to 3 lunchtime hours weekly (0.5 minutes x 6 days = 3 hours).

81. Plaintiff worked over 40 hours but was not paid for overtime hours, as required by law. Plaintiff was paid for all his working hours but at his regular rate.

82. Plaintiff did not clock in and out. However, Defendants knew the number of hours that Plaintiff was working. Plaintiff worked under the supervision of the business owner Amos M. Billie Jr.

83. Therefore, Defendants failed to pay Plaintiff overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

84. In addition, while employed by Defendants, Plaintiff was not paid his wages timely on payday. Defendants always paid Plaintiff late.

85. Plaintiff complained many times about unpaid overtime and unpaid regular wages.

86. On or about Saturday, October 07, 2023, Plaintiff complained again because he had not been paid for two weeks. Plaintiff complained to the business owner, Amos M. Billie Jr., and requested back wages and overtime payment.

87. These complaints constituted protected activity under 29 U.S.C. 215(a)(3

88. However, the same day, October 07, 2023, at night, Amos M. Billie Jr. called Plaintiff and fired him because he complained about unpaid wages and the Company pick-up broke while Plaintiff was driving it.

89. At the time of his termination, Defendants refused to pay Plaintiff his two back wages, plus $200.00 of gas expenses.

90. a substantial number of hours were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

91. Therefore, Defendants willfully failed to pay Plaintiff minimum wages, violating the Fair

Labor Standards Act, 29 USC §206, et seq.

92. Plaintiff was paid weekly without paystubs providing accurate information about the number of days and hours worked, wage rate, employee's taxes withheld, etc.

93. At all times during their employment, Plaintiff performed his work satisfactorily. Accordingly, there was no reason other than unlawful employment practices to discharge Plaintiff.

94. As described above, The motivating factor that caused Plaintiff's discharge was his complaints about unpaid regular and overtime wages. In other words, Plaintiff would not have been discharged but for his complaints about unpaid regular and overtime wages.

95. Defendants Back In Town, Amos M. Billie Jr., and Adriana Huggins willfully and maliciously retaliated against Plaintiff by engaging in a retaliatory action materially adverse to a reasonable employee and to dissuade them from exercising his rights under 29 USC 215(a)(3).

96. Defendants' discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

97. Plaintiff Emilio Jarquin has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Emilio Jarquin respectfully requests that this Honorable Court:

A. Enter judgment declaring that the discharge of Plaintiff Emilio Jarquin by Defendants Back In Town, Amos M. Billie Jr., and Adriana Huggins was an unlawful act of retaliation in violation of 29 USC 215 (a) (3).

B. Enter judgment against Defendants Back In Town, Amos M. Billie Jr., and Adriana

  Huggins, awarding Plaintiff Emilio Jarquin liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiff Emilio Jarquin demands trial by a jury of all issues triable as of right by a jury.

Date: October 31, 2023

            Respectfully submitted,

            By:  **/s/ Zandro E. Palma**
            ZANDRO E. PALMA, PA.
            Florida Bar No.: 0024031
            9100 S. Dadeland Blvd.
            Suite 1500
            Miami, FL 33156
            Telephone: (305) 446-1500
            Facsimile:  (305) 446-1502
            zep@thepalmalawgroup.com
            *Attorney for Plaintiff*